FILED
JAN 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

1  Earl L. Heltsley v. Sergeant Steve Harris, et al.
2  Case No. C-06-02626 CW

ORDER DENYING DEFENDANTS' MOTIONS FOR AN AWARD OF STATUTORY ATTORNEYS' FEES AND FOR REQUIRING PLAINTIFF TO SUBMIT A BOND FOR COSTS ON APPEAL

Plaintiff Earl Heltsley filed a complaint under 42 U.S.C. § 1983, alleging that Sergeant Steve Harris and the other Defendants violated Mr. Heltsley's Fourth Amendment rights by using excessive force incident to arresting him. At the conclusion of a five day trial, the jury returned a verdict wholly in favor of Defendants. This court consequently entered its judgment on this case, ordering that Mr. Heltsley take nothing, that the action be dismissed on the merits, and that the Defendants recover their costs from Plaintiff. Subsequently, Defendants filed a motion for an award of statutory attorneys' fees as part of the costs under 42 U.S.C. § 1988(b) and a motion to order Plaintiff to submit a bond for costs on appeal, under FED. R. APP. P. 7. This court now denies both motions.

While a district court has discretion under § 1988(b) to award fees to a prevailing defendant in a civil rights action, the plaintiff's case "must be meritless in the sense that it is groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980). Thus, "[t]he mere fact that a defendant prevails does not automatically support an award of fees." Patton v. County of Kings, 857 F.2d 1379, 1381 (9th Cir. 1988) (citing Coverdell v. Dep't of Social & Health Servs., 834 F.2d 758, 770 (9th Cir.1987)).

In this case, this court, like the criminal court before it, has grave doubts about Mr. Heltsley's veracity overall, given, for example, the uncontroverted evidence that he

lied about his drug use. But as Mr. Heltsley points out in his brief, false testimony regarding drug use does not necessarily suggest that his § 1983 claim was frivolous. Also, while Mr. Heltsley's methamphetamine-induced tirade at the time of his arrest may mean that more force would be reasonable and in fact necessary to subdue him, Mr. Heltsley did not waive his Fourth Amendment rights by drug abuse.

The Defendants' motion for fees is based in large part on Mr. Heltsley's no contest plea in the related criminal proceedings to several charges, most notably to one count of resisting an executive officer with force or threat under California Penal Code (P.C.) § 69. Before trial, Defendants moved for summary judgment on the basis that Mr. Heltsley's plea under P.C. § 69 necessarily implied that the officers were acting lawfully and thus without excessive force, and thus barred under Heck v. Humphrey, 512 U.S. 477 (1994). But this court denied Defendants' motion on the basis that Mr. Heltsley alleged that there were two altercations with the police, and that while he had pled no contest to his resistance to the appropriate use of force with respect to the second of those altercations, his § 1983 claim was based on the first altercation, in which Mr. Heltsley sustained a compound fracture to his arm. Because the factual basis for Mr. Heltsley's plea to the P.C. § 69 charge was unclear, this court concluded that his claim was not barred under Heck.

Thus, this case survived summary judgment. The record also showed clearly that Mr. Heltsley suffered a severe injury at the time of his arrest. Therefore, Mr. Heltsley's § 1983 claim, while ultimately unsuccessful as evidenced by the jury's unequivocal verdict in favor of Defendants, was not entirely groundless. This court cannot say the case was utterly lacking in foundation. This motion denies the request

for attorneys' fees. Because Mr. Heltsley's case itself was not frivolous, neither is his appeal, and thus this court discerns no sufficient basis to require Mr. Heltsley to submit a bond for costs on appeal. This court therefore DENIES both of Defendants' motions.

*Randall Rader*

Randall R. Rader
Circuit Judge